## NEW MARSHALL ENGINE COMPANY v. MARSHALL ENGINE COMPANY.

### ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 107.   Submitted December 15, 1911.—Decided February 19, 1912.

The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy.

Courts of a State may try questions of title and construe and enforce contracts relating to patents. *Wade* v. *Lawder,* 165 U. S. 624.

A suit, to compel assignment of a patent and to enjoin manufacturing and sale of articles covered thereby, because the patent is an improvement on an earlier one and included in a covenant to convey all such improvements, is based on general principles of equity, and is within the jurisdiction of the state court.

Where the injunction granted against sale of articles manufactured under a patent is only an incident to a decree for specific performance of a contract to convey the patent as an improvement of an earlier one, the relief is appropriate, and, if it does not determine questions of infringement, is within the jurisdiction of the state courts.

203 Massachusetts, 410, affirmed.

On June 1, 1886, Letters Patent 342,802, were issued to Frank J. Marshall for an improvement in Pulp Beating Engines. Shortly before the patent expired he organized the Marshall Engine Company, and on September 15, 1903, assigned to it the patent and "all improvements thereon and renewals of the same." Marshall was elected president of the company, but neglected to have the assignment recorded within the time required by law. It contained, however, a provision for further assurance, and on October 8, 1904, after the patent had expired, Marshall executed an additional instrument whereby, after reciting the former assignment, he transferred the patent and "all further improvements thereon and renewals thereof."

In September, 1903, at the time the first assignment was made, Marshall had on file an application for a patent on "an improvement on patent 411,251 granted to E. R. Marshall, and embodies features shown in patent 342,802, granted in 1886 to myself." There is no further reference in the record to patent 411,251. Marshall's application was granted, and on April 14, 1903, Letters Patent 725,349 were granted to him.

No formal assignment was made, but it is found as a fact that, between September 15, 1903, and the receivership, the complainant manufactured nine or ten engines embodying the improvement covered by patent 725,349.

On June 13, 1905, a receiver was appointed for the Marshall Engine Company. Immediately thereafter, Marshall organized under the laws of Massachusetts a new company bearing his name, and assigned to it this patent 725,349. The New Marshall Engine Company took with notice of the complainant's right.

The Marshall Engine Company, of New Jersey, claimed title to this patent 725,349 as an "Improvement" on patent 342,802, which passed by virtue of the assignment of September 15, 1903. It thereupon filed, through its receiver, a bill in the Superior Court of Franklin County, Massachusetts, asserting this title and praying that the defendants, Marshall and the New Marshall Engine Company, should be required to execute and deliver to it an assignment in due form to patent 725,349, so as to entitle it to be recorded in the Patent Office, and also that the defendants, their successors and assigns, should be enjoined from manufacturing or selling machines covered by patent 725,349.

The defendants answered, admitting or denying the several allegations of the bill, but setting up no affirmative defense. The case was referred to a Master, who found in favor of the complainant. Thereupon the defendant moved to dismiss the bill because "it presents questions involving an inquiry as to the construction and scope of the patents therein mentioned, of which questions the Federal courts have exclusive jurisdiction." The motion was overruled, and a final decree was entered in favor of the complainants. The decision was affirmed by the Supreme Judicial Court of Massachusetts, and the case was brought here by writ of error.

*Mr. Edmund A. Whitman, Mr. Lyman W. Griswold* and *Mr. Frank J. Lawler,* for plaintiffs in error:

The United States courts have exclusive jurisdiction of all cases arising under the patent-right and copyright

laws of the United States. Revised Stats., c. 12, § 711; Rev. Stat., §§ 4884–4886.

Plaintiff's bill alleges that defendant, Marshall, invented a certain valuable improvement in refining engines, which was an improvement upon the engine for which patent No. 342,802 had been granted to him.

One question here presented is as to the construction to be given to the law governing the assignment under which the plaintiff claims title, which clearly makes it a case for the United States courts. *Littlefield* v. *Perry*, 21 Wall. 205.

This puts in issue the nature and scope of the patent above referred to, and involves an inquiry into the nature and scope of the invention. *Aberthaw Const. Co.* v. *Ransome*, 192 Massachusetts, 434, 439.

There is a clear distinction between a case and a question under the patent laws. The former arises when the plaintiff in his opening pleading sets up a right under the patent laws as a ground for recovery. *Pratt* v. *Paris Gaslight & Coke Co.*, 168 U. S. 255.

If the assignee of a patent sets up his patent he thereby puts the title in issue, and even if it is denied by the defendant this does not make it a suit upon the contract, but it still remains a suit for infringement of a patent, and if the patent is involved it carries with it the whole case. *Excelsior W. P. Co.* v. *Pacific Bridge Co.*, 185 U. S. 291.

The character of a case is determined by the question involved. If it appears that some right will be defeated by one construction of an United States law, or sustained by an opposite construction of such law, a case thereby arises of which the United States courts alone have jurisdiction. Cases *supra* and *Starin* v. *New York*, 115 U. S. 257.

The issue as joined brings in issue the question of the title to a patent, and also makes it necessary to go into

the nature and scope of the engines covered by said patent, and in such cases the United States courts alone have jurisdiction. *Aberthaw Construction Co.* v. *Ransome,* 192 Massachusetts, 434, at 439; *Littlefield* v. *Perry,* 21 Wall. 205, at 219.

The plaintiff in his prayer asks for relief by having the defendants enjoined from infringing upon a patent, and this makes it a case arising under the patent laws; cases *supra.*

A state court cannot issue an injunction imposing such restraint as is here asked for, protecting the plaintiff in making, using, or vending in the United States.

It would make the defendants liable to a succession of suits in each State.

Even if the complaint standing by itself makes out a case of jurisdiction, it will be taken away if the answer sets up a case of a right under the patent laws. *Robinson* v. *Anderson,* 121 U. S. 522; *Excelsior W. P. Co.* v. *Pacific Bridge Co.,* 185 U. S. 282, 287.

A suit in which the relief sought is an injunction against infringing a patent is one arising under the patent laws of the United States, although it incidentally involves a determination of the question of the ownership of the patent. Cases *supra,* and *Atherton Machine Co.* v. *Atwood-Morrison Co.,* 102 Fed. Rep. 949.

Cases arising under the laws of the United States are such as grow out of the legislation of Congress, whether they constitute the right or privilege, or claim or protection, or defense of the party, in whole or in part, by whom they are asserted. *Tennessee* v. *Davis,* 100 U. S. 257, at 264; Story on the Constitution, § 1647; *Cohens* v. *Virginia,* 6 Wheat. 82; *Peutz* v. *Bransford,* 32 Fed. Rep. 318; *White* v. *Rankin,* 144 U. S. 628; *Adriance Pratt & Co.* v. *McCormick Harvesting Co.,* 55 Fed. Rep. 256; *Wood Harvester Co.* v. *Minneapolis Harvester Co.,* 61 Fed. Rep. 256; *Reversible Lock-Nut Co.* v. *Lock-Nut Co.,* 72 Fed. Rep. 60.

·Mr.· Walter H. Bond for defendant in error:

The state courts had jurisdiction of the case at bar, inasmuch as it was merely an attempt to enforce rights arising ex contractu.   Victor Talking Machine Co. v. The Fair, 123 Fed. Rep. 424; Wade v. Lawder, 165 U. S. 624; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255.   See McFarland v. Stanton Mfg. Co., 53 N. J. Eq. 649; Biskey Mfg. Co. v. Jones, 71 Connecticut, 113; Harris v. Wallace Mfg. Co., 95 N. E. Rep. (Ohio) 559; Bates Machine Company v. Bates, 192 Illinois, 138.

·   Inasmuch as the equitable title to certain letters patent passed by the agreement of September 15, ·1903, irre-·spective of whether those letters are an improvement on a former patent, it is not necessary to find that the former are an improvement on the latter, in order to affirm the judgment of the state court; and the state courts had unquestionable jurisdiction of the suit to enforce the specific  performance of the said agreement.

It must be treated as settled that before the granting of a patent, an inventor has a qualified property in his invention which is assignable.   Burton v. Burton Stock Car Co., 171 Massachusetts, 437; Cook v. Sterling Electric Co., .118 Fed. Rep. 45; Topliff v. Topliff, 122 U. S. 121; Haines v. Ryder, 100 Massachusetts, 216.

MR. JUSTICE LAMAR, after making the foregoing statement, delivered the opinion of the court.

·   The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy.   For courts of a State may try questions of title, and may construe and enforce contracts relating to patents. Wade v. Lawder, 165 U. S. 624, 627.   The present litigation belongs to this class.   The controlling fact for determination here is whether patent 725,349 belongs to the

Marshall Engine Company, of New Jersey, or to the New Marshall Engine Company, of Massachusetts. The complainant did not, by its bill in the state court, raise any question as to the validity or construction of the patent, nor did it make any claim for damages for infringement. The suit was an ordinary bill for specific performance to compel Marshall to assign to complainant the improvement on patent 342,702, in compliance with his covenant for further assurance. If patent 725,349 was an improvement thereon, as on the face of the application and letters-patent it appeared to be, then the complainant was entitled to a decree requiring Marshall to make a conveyance which could be properly recorded for the protection of the true owner.

Marshall had, however, in violation of his contract, previously assigned patent 725,349 to the New Marshall Engine Company, which took with notice of the prior transfer. This company, therefore, held the legal title as trustee for the complainant. Under the circumstances the state court had jurisdiction to pass on the question of ownership, and to enter a decree requiring Marshall, as patentee, and the New Marshall Engine Company, as trustee, to make an assignment in due form to the complainant. This jurisdiction was based on general principles of equity jurisprudence, and did not present a case arising under the patent law.

It is, however, urged that the state court was ousted of the jurisdiction to enter a decree for specific performance, because the bill went farther and prayed that the defendants, and each of them, should be enjoined from manufacturing or selling the machines covered by patent 725,349. It is claimed that this was, in effect, an application and decree for injunction against infringement, and could only be granted by a Federal court.

But the allegations of the complainant's bill do not involve any construction of the meaning or effect of pat-

ent 725,349, nor does it charge that the manufacture or sale of engines by the defendants would be an infringement of the patent, or of any right of the complainant, if, in fact, patent 725,349 belonged to the New Marshall Engine Company. The injunction was asked for only as an incident of a finding that the title was vested in the complainant. "The bill must be regarded and treated as a proceeding to enforce the specific execution of the contract referred to, and not as one to protect the complainants in the exclusive enjoyment of the patent right. . . . It is to prevent the fraudulent violation of these contracts that the complainants seek the aid of the court and ask for an injunction." *Brown* v. *Shannon,* 20 How. 56, 57. As said in *Wilson* v. *Sanford,* 10 How. 99, 102, "the injunction is to be the consequence of the decree sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside." Here the injunction asked for is to be the consequence of the decree sustaining the complainant's title. It alleges no ground for injunction unless that title is established.

The state court had jurisdiction of the subject-matter of the controversy. The relief granted was appropriate to the cause of action stated in the bill. The decree must therefore be

*Affirmed.*