Rockingham, }
Feb. 4, 1913. }

## READ & a. v. CENTRAL VERMONT RAILWAY CO.

The court of this state has jurisdiction of an action to recover the loss sustained by a consignor through failure of a railroad company to forward merchandise in accordance with instructions, although the shipment was for interstate transportation.

ASSUMPSIT, to recover the loss sustained by the plaintiffs through the defendants' failure to ship lumber as directed. Trial by the court and verdict for the plaintiffs. Transferred from the January term, 1912, of the superior court by *Wallace*, C. J.

The plaintiffs' evidence tended to prove that on June 15, 1908, one Gibson, the plaintiffs' agent, hauled lumber to the defendants' station at Sharon, Vt., for shipment to West Swanzey, N. H., and handed a paper giving correct shipping directions to the defendants' station agent, who made out the bill of lading. Through a mistake of the station agent, the destination of the lumber was stated in the bill of lading and shipping order as West Swansea, Mass., and shipment was made to South Swansea, Mass., from which point the lumber was reshipped to West Swanzey, N. H. The plaintiff paid freight charges of $108.72, while the rate from Sharon, Vt., to West Swanzey, N. H., was $30.96; and the action was brought to recover the difference between these amounts, with interest thereon.

Subject to the defendants' exception, the plaintiffs introduced in evidence the shipping order for the lumber, produced upon their demand, which showed the weight of the shipment and the rate per hundred-weight, and one of the plaintiffs was permitted to testify to statements of the defendants' station agent regarding the rate between Sharon, Vt., and West Swanzey, N. H. The defendants also excepted to the denial of their motions for a nonsuit and to dismiss the action for want of jurisdiction.

*Arthur O. Fuller*, by brief and orally, for the plaintiffs.

*Harry B. Amey* (of Vermont), by brief and orally, for the defendants.

YOUNG, J. If this were an action to recover for the defendants' failure to perform a duty imposed on them by the interstate com-

merce act (24 U. S. Stat. 379; 34 U. S. Stat. 584), it may be that the defendants' contention as to the court's want of jurisdiction would be sound. *Texas etc. Ry.* v. *Company,* 204 U. S. 426,—9 Ann. Cas. 1075, 1082, note. This, however, is an action to recover for the defendants' failure to perform a duty imposed on them by the common law, and consequently the court of this state has jurisdiction of the matter. *Mondou* v. *Railroad,* 223 U. S. 1; *Louisville etc. R. R.* v. *Company,* 223 U. S. 70; *New Marshall Co.* v. *Company,* 223 U. S. 473; *Galveston etc. Ry.* v. *Wallace,* 223 U. S. 481; *Adams Express Co.* v. *Croninger,* 33 Sup. Ct. Rep. 148.

The evidence tends to prove that the defendants' station agent was acting for them when he filled out the shipping order. Consequently there was evidence tending to prove that the defendants were in fault for the shipment of the lumber to a station other than the one to which the plaintiffs directed them to ship it.

The evidence excepted to was properly admitted. The defendants produced the shipping order, and there is nothing to show that the court considered it for an improper purpose. It was competent for the plaintiff to testify to what the defendants' agent told him the freight would be when directions were given to ship the car to West Swanzey.

*Defendants' exceptions overruled.*

All concurred.