**VANADIUM–ALLOYS STEEL CO. v. McKENNA.**

No. 223.

District Court, W. D. Pennsylvania.

April 15, 1939.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa., for Vanadium-Alloys Steel Co.

536

Smith, Best & Horn and Robert W. Smith, all of Greensburg, Pa., and C. B. Des Jardins, of Washington, D. C., for Philip M. McKenna.

GIBSON, District Judge.

The defendant has moved to dismiss the action, asserting that the complaint fails to state a claim upon which relief can be granted, and, also, that the court is without jurisdiction.

From the complaint it appears that both plaintiff and defendant are residents in the Western District of Pennsylvania. The defendant, the complaint alleges, was employed by plaintiff under a contract to discover and invent new metals, etc., and as part of his contract defendant agreed to assign to plaintiff all inventions conceived by him while in the employ of plaintiff, but despite his agreement he surreptitiously applied for and received ten patents for metal discoveries while in the employ of plaintiff, and has failed and refused to assign these patents to plaintiff. It is further asserted that defendant infringed such patents to the damage of plaintiff.

Plaintiff, declaring itself to be the equitable and legal owner of the patents in question, prays, inter alia, that a preliminary and final injunction issue against further infringement, that the court decree that plaintiff is the legal and equitable owner of the patents in suit, and that defendant be required to assign the patents to the plaintiff, and be required to account for damages and profits.

■ The parties being residents of the same District, the claim of jurisdiction in this court must be based upon the charge of patent infringement and the prayer for relief therefrom and an accounting, and not upon the prayer for specific performance and incidental injunction.

■ Passing for the moment the contention of defendant that the plaintiff is incapable of sustaining an action for infringement by reason of the fact that it claims only an equitable title to the patents involved, we are of opinion that the bill discloses jurisdiction in this court. It charges infringement and prays for an injunction and accounting, and thus properly brings the case into this court, even though it also seeks a decree for specific performance. See Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056; The Fair v. Kohler Die &

Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

As sustaining its contention that the instant complaint is one entirely based upon its demand for specific performance of a contract and is not under the patent laws of the United States, defendant has cited New Marshall Engine Company v. Marshall Engine Company, 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513. In that case the decree of a state court was sustained in which the court ordered the assignment of the patent to plaintiff and also enjoined infringement. The Supreme Court, in the opinion by Mr. Justice Lamar, specifically points out that the injunction granted was only incidental to the decree for specific performance, and that the complainant had raised no question as to the validity of the contract nor made any claim for damages for infringement. It is plainly indicated that such a claim would have taken jurisdiction from the state court. The instant case differs from the Marshall case in that the plaintiff does claim damages for infringement and founds thereon a prayer beyond the jurisdiction of a state court to grant.

■ The defendant, in addition to its claim that the complaint shows lack of jurisdiction in this court, contends that it discloses that plaintiff has no right to recover, as it asserts only a claim of an equitable ownership of the patents in suit.

This position is contradicted by many decisions. It does not appear that the parties were residents of the same District in each of the cases cited hereinafter, but otherwise they are parallel in all facts to those of the instant case, in that they are actions instituted by an equitable owner against either a patentee or a holder of a copyright. See Bisel v. Ladner, 3 Cir., 1 F.2d 436; Wooster v. Crane & Co., 8 Cir., 147 F. 515; Prest-O-Lite Co. v. Avery Portable Lighting Co., C.C., 164 F. 60. Closely parallel in essential facts with the present case is Littlefield v. Perry, 88 U.S. 205, 21 Wall. 205, 22 L.Ed. 577. Plaintiff and defendant resided in the same judicial district. The defendant entered into an agreement with plaintiff by which he assigned a pending application for a patent for stoves and all future improvements thereon. The application was denied, but later defendant obtained patents which disclosed improvements upon the device described in his first application. The defendant, contending that plaintiff

had no right to these patents as "improvements", manufactured stoves, etc., in accordance with the later patents. Thereupon plaintiff filed his bill, in which the patentee was charged with infringement and the usual remedies were claimed, and ultimately obtained judgment.

Accepting all declarations of the complaint as true, as at this time we must, we are of opinion that it discloses an action which the plaintiff may maintain and of which this court has jurisdiction. The motion to dismiss will therefore be denied.