**CINCINNATI SHOE MFG. CO.**

v.

**VIGORITH et al.**

No. 11879.

United States Court of Appeals
Sixth Circuit.

April 9, 1954.

J. Warren Kinney, Jr., Long & Bloom, Cincinnati, Ohio, for appellant.

Robert Houston French, Howard P. Shuetts, and Joseph F. Zugelter, Cincinnati, Ohio, for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that in the matter appealed from the District Court dismissed the complaint on the ground that the court lacked jurisdiction of the controversy;

And it appearing that while the complaint prays for declaratory judgment and injunction, the primary and controlling purpose of the action is to secure a judgment directing the appellee to transfer to the appellant the entire legal title in Patent No. 255,975, Cf. Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676, certiorari denied 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540;

And it appearing that the federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject matter of the controversy, and that courts of a state may try questions of title to patents, New Marshall Engine Co. v. Marshall Engine Co., 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513;

And it appearing that the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, does not confer jurisdiction merely by reason of the existence of a controversy, and jurisdiction must be found in some other statute, Magic Foam Sales Corp v. Mystic Foam Corp., 6 Cir., 167 F.2d 88, 91;

It is ordered that the judgment of the District Court be and it is hereby affirmed.