**T. B. HARMS COMPANY, Plaintiff,**

v.

**Edward ELISCU and Ross Jungnickel, Inc., Defendants.**

United States District Court
S. D. New York.
Feb. 6, 1964.

Gustave B. Garfield, New York City, for plaintiff.

Linden & Deutsch, New York City, David Blasband, Philadelphia, Pa., of counsel, for defendant, Edward Eliscu.

Feinman & Dreyer, New York City, Lewis A. Dreyer, Norma Hack, New York City, of counsel, for defendant, Ross Jungnickel, Inc.

WEINFELD, District Judge.

This action, charging copyright infringement, was instituted seven weeks after Edward Eliscu, one of the two defendants herein, had commenced an action in the Supreme Court of the State of New York, in which the plaintiff herein was named as the defendant. In that action Eliscu seeks an adjudication that he is the owner of an undivided one-third interest in the renewal terms of four musical compositions, which are the subject matter of this suit, and an accounting for his claimed share of moneys received by plaintiff in their exploitation.

Eliscu and the co-defendant, Ross Jungnickel, Inc., each moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint in this action for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter. The parties have submitted affidavits as permitted under Rule 12, and the motion is treated as one for summary judgment.

The complaint, setting forth a single claim, contains formal allegations that the action is one arising under the Copyright Act and seeks a declaratory judgment adjudging that plaintiff is the owner of Eliscu's interest in the renewal copyrights of the four songs, and also incidental relief based upon such ownership.

The essential ground of the defendants' motion is that despite allegations of copyright infringement, the undisputed facts show that no acts have been committed or threatened which in any respect violate the copyrights, and that the hard core of the plaintiff's claim is one of title to a one-third interest in the renewal terms of the four songs, the very issue posed in the earlier suit commenced by Eliscu in the State Supreme Court, and that since all the parties are New York citizens, the Court is without jurisdiction over the subject matter. In considering the plea of lack of jurisdiction, the formal allegations must yield to the substance of the claim.[1] The mere circumstance that the suit incidentally centers about a copyright does not, in and of itself, support Federal jurisdiction.[2]

Despite the very voluminous complaint, sprinkled with charges of conspiracy and unfair competition, and the equally voluminous papers submitted by the parties in support of their respective positions on this motion, the fundamental controversy revolves about whether or not the defendant Eliscu executed an agreement dated June 30, 1933. The plaintiff's claim to the renewal terms, and its right to all collateral relief sought by this action, derives from this instrument (an exhibit on this motion), on which the defendant's name, admittedly not his signature, is handwritten. The plaintiff asserts that the exhibit is a conformed and true copy of a lost or misplaced original agreement between Eliscu and the publisher which, if authentic, is an assignment by Eliscu of his renewal rights as a co-lyricist in and to the four musical compositions. Eliscu denies that he ever executed the purported agreement of June 30, 1933, any counterpart, or any other instrument whereby he assigned his renewal rights to plaintiff or its assignor.

It is clear, at least up to this point, that plaintiff's claim to Eliscu's

1. Cf. Humphrey v. Moore, 84 S.Ct. 363 (1964) (Goldberg, J., concurring).

2. Muse v. Mellin, 212 F. Supp. 315 (S.D. N.Y.1962).

renewal rights arises by virtue of an agreement, the existence of which plaintiff asserts, and the defendant Eliscu, with equal force, denies. The resolution of this disputed issue determines who is the owner of the undivided one-third renewal interest. In this aspect of the matter it is beyond question that no claim is presented arising under the Copyright Act of the United States and that Federal jurisdiction is lacking.[3] The plaintiff contends, however, that jurisdiction is preserved by allegations of infringement, actual and threatened, contained in the complaint and the affidavits opposing summary judgment.

In considering whether the acts relied upon constitute infringement of the copyright, it is well to set the matter in perspective and to define terms. Infringement is an unauthorized use of a copyright—an invasion of the copyright owner's right under the Copyright Act to print, publish and reproduce the copyrighted work, by copying it in whole or in part.[4] " 'The test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work.' "[5] While the complaint alleges upon information and belief that the defendants have exercised or attempted to exercise the right to print and make mechanical records of the musical compositions, no evidence has been submitted to support these allegations, and the defendants' denial that they so infringed by making use of or exploiting

such rights has not been controverted by the plaintiff. Thus, the sole acts relied upon to support the charge of infringement are matters as to which there also is no dispute; these are:

(1) that Eliscu commenced the New York State action for a declaratory judgment that he, and not the plaintiff, owns the renewed copyrights, a claim which plaintiff brands as groundless;

(2) that Eliscu's attorney wrote a letter to the American Society of Composers, Authors and Publishers (ASCAP) advising it of Eliscu's claim to the undivided one-third interest in the copyright renewals and demanding henceforth payment representing his share of the proceeds derived from the publication of the songs;

(3) that his attorney demanded of plaintiff's agent Eliscu's share of the proceeds of the mechanical recording license fees collected by the agent on behalf of the plaintiff based upon his claimed interest in the copyright renewal;[6]

(4) that Eliscu and the co-defendant entered into an agreement in September 1961 under which Eliscu assigned to the co-defendant his interest in the renewal terms of the copyrights and thereafter notice of such assignment was filed in the office of the Register of Copyrights, thereby placing, as plaintiff contends, a cloud upon its title which it seeks to remove by this action.

Do these acts amount to infringement? The Court thinks not. None of

---

3. Lang v. Patent Tile Co., 216 F.2d 254, 255 (5th Cir. 1954) ; Cincinnati Shoe Mfg. Co. v. Vigorith, 212 F.2d 583, 584 (6th Cir. 1954) ; Measurements Corp. v. Ferris Instrument Corp., 159 F.2d 590, 594 (3d Cir. 1947).

4. National Comics Publications, Inc. v. Fawcett Publications, Inc., 191 F.2d 594, 600 (2d Cir. 1951) ; West Publishing Co. v. Edward Thompson Co., 169 Fed. 833, 861–62 (C.C.E.D.N.Y. 1909), modified on other grounds, 176 Fed. 833 (2d Cir. 1910). See Schwartz v. Broadcast Music Inc., 180 F. Supp. 322, 328–29 (S.D.N.Y. 1959).

5. Comptone Co. v. Rayex Corp., 251 F.2d 487, 488 (2d Cir. 1958) (per curiam), cit-

ing Nutt v. National Institute Inc. for the Improvement of Memory, 31 F.2d 236, 237 (2d Cir. 1929).

6. The respective denials by the defendants, contained in their statements filed under Rule 9(g), that they ever received any moneys from the exploitation of the renewed copyrights is not disputed. The Rule provides:

"RULE 9. MOTIONS.
     *     *     *     *

"(g) * * * All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

them constitutes any act which uses, violates or threatens the copyrights. Neither the institution of a declaratory judgment action to determine who is the owner of the renewal rights, nor demands for payment of royalties based upon a claim of title or the filing of an assignment resting upon the alleged retention of renewal rights with the Register of Copyrights, infringes upon or violates the copyrighted material. A claim based on any or all of these assertions of title, unaccompanied by acts that violate the copyright itself, is not one arising under the laws of the United States.[7] The acts complained of are predicated upon Eliscu's denial that he transferred the renewal rights to plaintiff's assignor by the alleged agreement of June 30, 1933.[8] They are not in derogation of the copyrights but in affirmance of their validity.[9] Thus, no matter how viewed, the claim in substance seeks to enforce the alleged 1933 agreement by requiring Eliscu, as part of the relief it seeks, to assign his interest to the plaintiff in the renewed copyrights.

▪ The rule has long been recognized that "a suit although charging infringement and praying an injunction and account, which is in reality merely a suit to enforce a contract between an author and a publisher, is not a case arising under the copyright laws so as to be within the jurisdiction of the federal courts."[10] Particularly appropriate to the factual situation of the instant case is Luckett v. Delpark, Inc.[11] There the plaintiff was a patentee who assigned one of his patents under an agreement where-

by it was to revert to him upon failure of conditions subsequent. In addition to a claim for royalties and other relief, plaintiff sought a decree to compel the defendant to execute a formal reassignment of the patent to him so as to remove a cloud on his title. The Supreme Court held that the claim was not one arising under the patent laws.

" * * * [T]he principle laid down in Wilson v. Sandford, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), is] that where a patentee complainant * * * asks the aid of the Court in declaring a forfeiture of the license or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe and therefore asks an injunction to prevent it."[12]

▪ There is even less basis to uphold the claim of infringement against Ross Jungnickel, Inc. The agreement of September 1961, under which it acquired Eliscu's renewal rights, acknowledges the existence of the dispute between him and plaintiff as to their ownership, sets forth Eliscu's intention to commence legal proceedings to determine the question, and then provides that Ross Jungnickel acquires no rights until "a court of ultimate jurisdiction declares, by a final judgment that Eliscu is the owner of said re-

7. Luckett v. Delpark, Inc., 270 U.S. 496, 502, 46 S.Ct. 397, 70 L.Ed. 703 (1926) ; Danks v. Gordon, 272 Fed. 821, 827 (2d Cir. 1921) ; Muse v. Mellin, 212 F. Supp. 315, 318 (S.D.N.Y. 1962) ; Southern Music Publishing Co. v. C & C Films, Inc., 171 F. Supp. 832, 833 (S.D.N.Y. 1959).

8. There is no dispute that plaintiff acquired the two-thirds interest of Eliscu's co-authors by 1961.

9. See, e. g., Dill Mfg. Co. v. Goff, 125 F. 2d 676, 677 (6th Cir.), cert. denied, 317

U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540 (1942).

10. Danks v. Gordon, 272 Fed. 821, 827 (2d Cir. 1921).

11. 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926).

12. Id. at 510–511, 46 S.Ct. at 401–402, 70 L.Ed. 703.

newal rights."[13] Significantly, Eliscu expressly withheld any representation as to the ownership of the renewal rights and provided that Ross Jungnickel's publishing rights were subject to those if any, of the plaintiff. Ross Jungnickel has never asserted any claim of ownership of the renewal rights under this agreement and has taken no action of any kind with respect thereto other than to file the assignment in the copyright office which states that it is subject to the terms of the conditional agreement. Ross Jungnickel, Inc. awaits the outcome of the legal proceedings to determine whether plaintiff or Eliscu is the owner of the rights; if the final legal judgment is that Eliscu never parted with his renewal interest, then, and only then, does his assignment to Ross Jungnickel become effective. Under these circumstances the agreement cannot be spelled out as an act of infringement of the copyright.

On the entire record here presented there is no evidence to support a claim of infringement, actual or threatened, of the four copyrights so as to vest this Court with jurisdiction under the Copyright Act, and accordingly the motion to dismiss for lack of jurisdiction is granted. The claim is one for declaration of ownership of the renewal interest based upon Eliscu's co-authorship of the four compositions—the very issue presented by the pending suit in the Supreme Court of the State of New York. That Court has jurisdiction of the question of title and, if the facts warrant it, power to compel Eliscu to execute an assignment of his interest and a cancellation of the assignment filed in the copyright office.[14]

---

13. There was an earlier agreement entered into in January 1960 between Eliscu and Ross Jungnickel, Inc., whereby Eliscu assigned his renewal rights to Jungnickel, but these were reassigned to Eliscu in July 1960. No acts of infringement were committed thereunder. Plaintiff's attorney, however, alleges that prior to the reassignment the attorney for Ross Jungnickel, Inc. asserted it had acquired Eliscu's renewal rights and intended to exercise them. Nevertheless, the undenied fact is that during the six-months period

that this first assignment was in effect, Ross Jungnickel, Inc. at no time exercised rights of ownership thereunder. The reassignment itself negates any claim of ownership. Thus, plaintiff's charge against Ross Jungnickel, Inc. must rest upon the September 1961 assignment; what transpired in 1960 is not material on this motion. Indeed, the complaint contains no allegation with respect thereto.

14. New Marshall Engine Co. v. Marshall Engine Co., 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513 (1912).