**U.S. FARM PARTNERS–85 by Fred H. BEHRENS, Tax Matters Partner, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. CV 98–2819 CAS(BQRX), CV 98–2820 to CV 98–2857.**

United States District Court,
C.D. California,
Western Division.

Sept. 29, 1998.

Robert M. Silverman, Los Angeles, CA, for Plaintiff.

Edward M. Robbins, Jr., Asst. U.S. Attorney, Los Angeles, CA, for USA.

## DEFENDANT'S MOTION TO DISMISS PETITION FOR LACK OF JURISDICTION

SNYDER, District Judge.

### I. INTRODUCTION

The present matter is one of thirty-nine related petitions for adjustment of partnership items under 26 U.S.C. § 6228 of the 1982 Tax Equity and Fiscal Responsibility Act ("TEFRA"). Defendant United States moves to dismiss all thirty-nine petitions on the basis that they were not timely filed pursuant to the relevant statute of limitations, 26 U.S.C. § 6228(a)(2)(A).

### II. FACTUAL BACKGROUND

On April 8, 1996, the plaintiffs-petitioners, all partnerships, filed with the Internal Revenue Service an Administrative Adjustment Request ("AAR") for adjustment of partnership items for the 1992 tax year (Petition ¶ 7). The AAR was filed pursuant to 26 U.S.C. § 6227. The IRS has taken no action on this 1992 AAR (Petition ¶ 8). By the present lawsuits, plaintiffs seek a judicial determination that they are entitled to the partnership adjustments claimed in the 1992 AAR.

Also pending before the Tax Court are petitions from the plaintiffs in this case challenging certain determinations and adjustments to their 1985 partnership returns made by the Commissioner of Internal Revenue. Plaintiffs argue that these Tax Court petitions will directly affect the validity of the adjustments claimed in the 1992 AAR which are the subject of this case.

As in this case, where a tax matters partner files an AAR and the IRS does not allow the adjustment, the partner may file a petition for adjustment with the district court "after the expiration of 6 months from the date of filing the request under section 6227, and ... before the date which is 2 years after the date of such request." 26 U.S.C. § 6228(a)(2)(A). The present petitions were filed on April 15, 1998.

### III. STANDARD FOR RULE 12(B)(1) AND 12(B)(6) MOTIONS

The United States brings the present motion to dismiss under Fed.R.Civ.P. 12(b)(1) based on its argument that, because plaintiffs' complaints are untimely pursuant to the statute of limitations contained in the statute waiving sovereign immunity, 26 U.S.C. § 6228, this Court lacks jurisdiction.

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority or competence to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y.), aff'd 339 F.2d 823 (2d Cir.1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995).

In addition, the United States bases its motion to dismiss on Fed.R.Civ.P. 12(b)(6), arguing that plaintiffs have failed to state a claim upon which relief may be granted be-

cause they have failed to comply with the statute of limitations.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996).

## IV. DISCUSSION

The statutory language of 26 U.S.C. § 6228 is clear. In order to be timely plaintiffs were required to file their petitions not later than two years after the date of the AAR. Plaintiffs make a novel argument that this statute of limitations contained in section 6228 should be "extended" during the pendency of the Tax Court proceeding which is related to the present case. This argument is made without statutory or case law authority, and is contrary to the plain language of the statute. Because no Notice of Final Partnership Administrative Adjustment ("FPAA") was issued to the partnerships for 1992, there can be no suspension of the assessment period under section 6229(a). For jurisdictional purposes, it appears that each tax year stands on its own, and that the issuance of a FPAA with respect to the 1985 tax year has no effect on the 1992 tax year. Plaintiffs' time for filing this action ran from the filing of the AAR on April 8, 1996.

The Court finds that, absent statutory authority for extending the limitations period governing this action, it does not have jurisdiction over plaintiffs' untimely petitions. Consequently, the United States' motion to dismiss is granted pursuant to Fed.R.Civ.P. 12(b)(1).

## V. CONCLUSION

For the reasons set forth above, plaintiffs' complaints are dismissed. As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R.Civ.P. 15(a). However, leave to amend may be denied "when the court determines that other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Here, plaintiffs could not possibly file amended complaints which would bring these petitions within the statute of limitations. Consequently, plaintiffs' complaints are dismissed without leave to amend.