NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN L. DEROSA,**
*Plaintiff-Appellee,*

v.

**J.P. WALSH & J.L. MARMO ENTERPRISES, INC.,**
*Defendant-Appellant.*

---

2012-1401

---

Appeal from the United States District Court for the Eastern District of Virginia in case no. 10-CV-0287, Judge Claude M. Hilton.

Before BRYSON, LINN and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

## O R D E R

J.P. Walsh & J.L. Marmo Enterprises, Inc. ("Marmo") responds to the court's order requiring it to show cause why this appeal should not be transferred to the United States Court of Appeals for the Fourth Circuit.

The November 1998 agreement at the center of this dispute assigned John L. Derosa's patent rights in his router chuck invention exclusively to Marmo, and, in exchange, Marmo agreed to manufacture and sell the

router chuck from which DeRosa would receive a certain percentage of the sales.

In March 2010, apparently unsatisfied with Marmo's efforts to manufacture and sell his invention, DeRosa filed the underlying complaint in Virginia state court. The thrust of that complaint was as follows:

> [T]he failure by [Marmo] to abide by its contractual and financial obligations under the contract have denied [DeRosa] the bargained for benefit thereof, that is steady flow of manufacturing business and the timely payment for the product by [Marmo] which may be remedied only by rescission or cancellation of the contract and the restoration of ownership of the patent rights in [DeRosa's] intellectual property, his invention, the DeRosa Chuck.

The action was removed to the United States District Court for the Eastern District of Virginia and subsequently referred to an arbitrator. The arbitrator found Marmo in breach of the assignment contract and awarded damages to DeRosa but declined to rescind the contract. The decision was ultimately confirmed by the district court, and this appeal followed.

This court is a court of limited jurisdiction. *See* 28 U.S.C. § 1295. The Supreme Court has explained that in order for this court to have appellate jurisdiction over a patent infringement case, the case must have arisen under the patent laws such that the plaintiff's well-pleaded complaint must "establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law...." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535

U.S. 826, 830 (2002); *see also* 28 U.S.C. §§ 1295(a)(1) and 1338.

Causes of action based on contractual rights in a patent assignment or license agreement as a general rule do not arise under the patent laws. *See Luckett v. Delpark, Inc.*, 270 U.S. 496, 502-03 (1926); *New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473 (1912). Marmo nonetheless argues that the appeal is properly before this court because the complaint specifically requests a restoration of ownership in patent rights.

That DeRosa's complaint ultimately sought to restore ownership in the invention is of no great significance. The focus of the jurisdictional inquiry is whether the plaintiff "set up some right, title or interest under patent laws, or at least makes it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807-08 (1988).

The complaint in this case did not turn on such a claim. The alleged harm stated was Marmo's failure to abide by its "contractual and financial obligations under the contract" resulting in DeRosa not having received the "bargained for benefit" of "a steady flow of manufacturing business and the timely payment for the product." Although a restoration of patent ownership is sought in the complaint, such relief is entirely premised on the claim that Marmo's failure to fulfill its obligations under the contract warrants a remedy of rescission. As such, this case does not arise under the patent laws, and we do not have jurisdiction.

In *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567 (Fed. Cir. 1997), a case very similar to this one, this court held that a plaintiff seeking rescission of a patent assignment agreement in order to restore owner-

JOHN DEROSA v. J.P. WALSH                4

ship rights in a patent could not meet the jurisdictional test set forth in *Christianson.* As in the present case, the plaintiff in *Jim Arnold* had no rights in the patent without judicial intervention and was thus left only to argue that ownership of the patents should be restored based upon a breach of contract claim. Because a plaintiff under such circumstances could at best only present a frivolous allegation of ownership of the patents at issue sufficient to confer jurisdiction under section 1338, we transferred the case to the regional circuit. Since the same outcome is warranted here, pursuant to 28 U.S.C. § 1631, we transfer the case to the Fourth Circuit.

Accordingly,

IT IS ORDERED THAT:

The appeal is transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Fourth Circuit.

FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk

s25