## DILL MFG. CO. v. GOFF et al.

### No. 8792.

Circuit Court of Appeals, Sixth Circuit.

Feb. 12, 1942.

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, and W. E. Williams, all of Cleveland, Ohio, on the brief), for appellant.

Albert L. Ely, of Cleveland, Ohio, and C. G. Roetzel, of Akron, Ohio (Ely & Frye, of Cleveland, Ohio, and Wise, Roetzel & Maxon, of Akron, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

Goff is an inventor who conceived and secured patent No. 2,119,623 upon an invention relating to rubber valve stems for tires. The appellant Dill, asserting equitable ownership of the patent on the ground that it was conceived by Goff while in its employ, sued Goff, and the Ohio Injector Company, his assignee, for infringement, seeking an injunction, damages, and the assignment to it of the patent. The District Court, ascertaining that the parties were all citizens and residents of Ohio, and that no meritorious issue as to validity or infringement was involved, dismissed the bill for lack of jurisdiction, on the ground that no federal question under the patent laws was presented for determination.

The bill recites that Goff entered the employ of the appellant on June 1, 1935; that an important part of his employment was developing, devising, and inventing rubber valve stems, and methods and processes whereby they could be employed in connection with inner tubes for motor vehicle tires; that under the terms of his employment he was to apply all his experience and knowledge to this activity; that all inventions made by him while thus employed

should be the property of the appellant, and that any letters patent which might issue, should be assigned to it. The bill recites that Goff made the invention which is the subject matter of patent No. 2,119,623, while in the employ of the appellant; that he applied for patent thereon, in his own name, without the knowledge of the appellant; that though he had assigned other patents to it while in its employ, he refused, upon demand, to assign this patent, but assigned it, instead, to the Ohio Injector Company, and that both appellees are infringing. The bill further asserts that by virtue of the employment contract, Dill is not only the equitable owner of the patent, but is advised that it is also the legal owner thereof and that there is a cloud upon its title by reason of Goff's failure to assign and his assignment to the Ohio Company. The appellant therefore prays for a preliminary injunction restraining infringement; an accounting from the defendant in respect to profits and damages by reason of infringement; a decree that it is the equitable and legal owner of the invention, and requiring the defendants to execute to it suitable documents of title to remove the cloud, and to deliver to it the letters patent covering the invention.

The defendants, in answer, admit Goff's employment by Dill, but categorically deny that he agreed that inventions made by him while employed by Dill, should belong to Dill and be assigned to it. They assert that Goff was first employed by Dill in 1929 as a serviceman, but that thereafter Goff was engaged in a sales capacity outside the plant of the appellant, and so continued until May, 1935, when his employment was terminated; that in June, 1935, he was reemployed, assigned to saleswork, and continued therein until his employment was finally terminated in May, 1938. They admit that Goff, while working in the plant of the appellant, made certain inventions relating to tire valves, which he voluntarily assigned to Dill, but assert that the invention here involved was made late in 1936 upon Goff's own time and at his own expense and subsequent to the time that he was employed in the Dill plant. They admit that he applied for a patent thereon, which was granted on June 7, 1938, and that this was assigned to the Ohio Injector Company. Other allegations in the bill are denied.

After the bill was filed, a motion to dismiss, made by the defendants on the ground that the court had no jurisdiction over the controversy, was overruled. Later, upon the case being called for hearing, a colloquy occurred between the court and counsel, wherein it was agreed that no issue of either validity or infringement was involved, and that the only issue in respect to which there was controversy, was that relating to the ownership of the patent, and that the primary question was whether equitable title thereto resided in the plaintiff. Thereupon, the injunction sought was denied and the bill dismissed.

Insofar as decision below may have been rested upon the admissions of counsel that the sole issue raised by the pleadings related to title, it is now contended that the admissions were ineffective to so narrow the controversy because appellant's counsel had no authority to make them, and the determination of the motion to dismiss should have been based solely upon the pleadings. It is asserted that the bill, as framed, presents a suit for infringement of a patent, sufficiently asserts title thereto in the plaintiff, and the answer denies infringement so that a controversy is presented cognizable by the Federal Court under the patent laws.

■ No issue of infringement is raised by the pleadings. It is true that the defendants deny all allegations not admitted or qualified, but the defendants allege ownership of the patent and deny plaintiff's title. Certainly, one cannot infringe his own patent any more than he may challenge its validity, and denial of infringement, coupled with assertion of title, is not tantamount to a denial of infringement if adverse title is established.

The sole question in the case is one of jurisdiction, and this must be determined upon an appraisal of the nature of the appellant's case. It has chosen to bring its suit as one for patent infringement, with the usual prayers for injunction, damages, and profits. It finds itself, therefore, obliged, by §§ 67 and 70 of United States Code Annotated, Title 35, to allege title to the patent. Being neither the patentee, assignee, nor grantee, and having no record title of any kind or description, it asserts equitable ownership derived from an executory oral contract of employment with the inventor. But the execution of the agreement, and the obligation of the inventor to assign the patent alleged to be contained therein, are denied. It is clear, therefore, that until there has been an adjudication of

ownership in the plaintiff there can be no recovery of damages or profits because of infringement, and no right to injunctional process. The suit, in its primary aspect, may not, therefore, be viewed otherwise than as a proceeding in equity to compel specific performance of a contract. Succeeding, it may entitle the appellant to pursue other remedies. Failing, the controversy is at an end.

It has been said that "the rule is well settled that, if the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws, and jurisdiction of the circuit court [now District Court] can only be maintained upon the ground of diversity of citizenship." Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 285, 22 S.Ct. 681, 682, 46 L.Ed. 910. And in Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 789, 59 L.Ed. 1295, it was held that while so much of the bill as charged defendants with infringement and sought relief on that ground presented a case arising under the patent laws, other portions of the bill stating causes of action in tort and for breach of contract, do not arise under the patent laws, and as to them the Federal Court has no jurisdiction, for "jurisdiction as limited and fixed by Congress cannot be enlarged or extended by uniting in a single suit causes of action of which the court is without jurisdiction with one of which it has jurisdiction."

Whether these general observations have been universally applied is doubtful upon study of the adjudicated cases. In Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703, the late Chief Justice Taft undertook a review of the cases wherein the jurisdiction of Federal Courts was invoked under the patent laws, in comparable controversies. That case involved a suit by the patentee against a licensee in which it was sought to set aside the license or to have it declared abrogated, but it was also a suit for infringement of patents, seeking an injunction to restrain future, and an accounting of profits and damages for past infringement. There it was held to be the general rule that a suit by a patentee for royalties under a license or assignment granted by him or for any remedy in respect to a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a Federal Court as such. The

rule stems from Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344, and the Chief Justice points out that jurisdiction fails when the complainant, in his bill, seeks forfeiture of license rights in equity before he can rely upon the patent to enjoin infringement of his patent rights and obtain damages therefor. "There has been no variation from the authority and effect of the case cited on this point." [270 U.S. 496, 46 S.Ct. 399, 70 L.Ed. 703].

The opinion in Luckett v. Delpark then analyzes the cases which were urged as qualifying Wilson v. Sandford, and arrives at the general conclusion that while a Federal District Court is held to have jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though in anticipation of a defense of license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense, nevertheless, where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for *specific performance* thereof, or seeks the aid of the court in declaring a forfeiture of the license, or in restoring an unclouded title to the patent, he does not give the Federal District Court jurisdiction of the cause as one arising under the patent law. Nor may he confer it in such case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he feels the defendant will infringe, and therefore seeks an injunction to prevent it. That was Wilson v. Sandford.

The general conclusions thus announced do not precisely fit our problem and decide this case, but they aid greatly in its rationalization. It will be noted that they comprehend cases wherein the suit for infringement is brought by a patentee, assignee or grantee of the patent, and it is clear, from a study of the cases analyzed, and those that are here relied upon to establish jurisdiction under federal law, two conditions must obtain: (1), the plaintiff initially must have the right to sue for infringement even though his title is challenged and in the suit may be defeated; (2), he must plant his suit upon such right as a patent infringement suit requiring no aid of an equity court as a primary condition for the recovery of damages or the granting of an injunction. Both elements

were present in each of the cases that have been relied upon as qualifying Wilson v. Sandford; White v. Rankin, 144 U.S. 628, 12 S.Ct. 768, 36 L.Ed. 569; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., supra (based on Littlefield v. Perry, 21 Wall. 205, 22 L.Ed. 577); Independent Wireless Telegraph Co. v. Radio Corp. of America, 269 U.S. 459, 46 S.Ct. 166, 70 L. Ed. 357; Henry v. A. B. Dick Co., 224 U. S. 1, 32 S.Ct. 364, 56 L.Ed. 645, Ann.Cas. 1913D, 880, The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716, Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056; Geneva Furniture Co. v. S. Karpen & Bros. supra; Hartell v. Tilghman, 99 U.S. 547, 25 L.Ed. 357.

 The appellant, as indicated, is not the patentee of the invention here involved, nor it is the assignee thereof or an exclusive licensee thereunder. It bases its right to sue for infringement on its claim as the equitable owner of the patent by reason either of a covenant on the part of the inventor, or an implied obligation arising from his employment to assign the patent. Its status as equitable owner of the patent, however, is denied, and there is, as yet, no determination that it has title. The appellant urges that the suit is one in equity, which looks to substance rather than form and regards as done that which should have been done. Its principal reliance is the case of Littlefield v. Perry, supra, but the suit there was brought by assignees with a recorded interest in the patent. There was no challenge to the fact of assignment, though it was sought to limit its scope by an unrecorded supplementary agreement. Whether technically assignees or licensees, the complainants could maintain their suit under the patent laws in the Federal Court. The present appellant has no such status. It has no record or other title,—it seeks to secure it. To get it, requires the aid of the court of equity. Granted that equity regards as done that which should have been done, that which should have been done still remains to be determined, and so the maxim does not help.

At the risk of repetition it must be made clear that the present case is not one wherein suit for infringement is brought by one holding title even though his title be challenged and charged with infirmity. It is a suit wherein title first must be adjudicated, with adjudication dependent entirely upon the principles and rules of eq-uity and involving in no degree the act of Congress conferring or protecting patent rights. In a situation almost identical with this, the court of the Seventh Circuit in Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 106 F.2d 930, 932, clearly perceived this distinction: "That the primary and controlling purpose of the bill was to compel an assignment of the legal title of the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title." These observations are equally applicable to the bill here considered.

The decree below is affirmed.