**CUMMINGS v. MOORE.**

No. 4476.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1953.

Rehearing Denied March 20, 1953.

Milton W. Hardy, Tulsa, Okl. (Hardy & Hardy, Tulsa, Okl., were with him on the brief), for appellant.

Jack N. Hays, Tulsa, Okl. (G. Ellis Gable and Charles P. Gotwals, Jr., Tulsa, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

146

BRATTON, Circuit Judge.

This was an action instituted in the United States Court for Northern Oklahoma by W. D. Moore against William G. Cummings for a declaratory judgment determining and adjudicating that plaintiff was not infringing Letters Patent No. 2,496,381, issued to defendant, and relating to a brush for the application of tool joint dressing in oil field drilling operations. It was alleged in the complaint that both parties to the action were citizens of Oklahoma, and that the cause of action was one arising under the laws of the United States, namely 28 U.S.C. §§ 1338, 2201. It was further alleged that defendant claimed to be the owner of the patent; that he asserted infringement on the part of plaintiff; that plaintiff—not defendant—was the inventor of the brush covered by the patent; and that plaintiff was the equitable owner of the patent and therefore could not be guilty of infringing it. And it was further alleged that defendant had been an employee of plaintiff; that defendant's duties as such employee were to sell and promote the sale of products of W. D. Moore Company in the oil field business; that in accordance with his duties, defendant called to the attention of plaintiff the need for a brush with which to apply tool joint dressing in drilling operations; that thereupon plaintiff developed and worked out a brush devised for such purpose; that shortly after developing such brush, plaintiff began its manufacture; that it was advertised and sold under the name of W. D. Moore Company, defendant actively engaging in the sale thereof; that defendant secretly and in derogation of his duties as employee of plaintiff applied for a patent on the brush in his name; that the application resulted in the issuance of the patent in suit; that defendant had communicated with customers of plaintiff and W. D. Moore Company stating that he was the inventor and owner of the patent and that plaintiff was infringing it; that customers of plaintiff and W. D. Moore Company had become confused by such statements; that in reliance upon such statements, a number of such customers had stopped ordering such brushes from plaintiff and W. D. Moore

Company; that the confusion and loss of sales had caused damage to plaintiff for which he had no adequate remedy at law; and that a controversy existed between the parties in respect to defendant's claim of infringement. The prayer was that plaintiff be declared and decreed to be the lawful owner of the patent; that plaintiff be declared not guilty of infringing the patent; that defendant be declared and decreed to have no right in the patent; that defendant be required to convey and assign the patent to plaintiff; that defendant be enjoined from interfering with plaintiff's production and sale of the brush; that defendant be further enjoined from manufacturing, producing, selling, and distributing the brush; and that defendant be required to account to plaintiff for profits derived from the sale of the brush.

Defendant answered, admitting citizenship of the parties as alleged in the complaint; admitting issuance of the patent and his assertion of infringement on the part of plaintiff; pleading that all other matters and allegations contained in the complaint were compromised and settled by written agreement of the parties, a copy of the agreement being attached to the answer; pleading that there was another action between the parties arising out of the same subject matter pending in the state court and that precedence in the trial of the two cases should be accorded the state court; and pleading that the court was without jurisdiction of the alleged cause of action set forth in the complaint and of the parties to the action.

The court found that the defendant claimed to be the sole inventor of the brush; that he had charged plaintiff with the infringement of the patent; and that defendant was not the sole inventor of the brush referred to in the patent. The court concluded that the action was one for a declaratory judgment under the patent laws of the United States; that the court had jurisdiction of the subject matter of the action and of the parties thereto; that since defendant was not the sole inventor of the brush, the patent was void and conferred no rights; and that an invalid patent may not be infringed. Judgment was en-

tered accordingly, and defendant appealed. For convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

■ The jurisdiction of the trial court of the subject matter of the action is challenged. It is argued that a complaint alleging breach of confidential relation in patent matters, without alleging diversity of citizenship and the requisite amount in controversy, fails to state a cause of action of which a United States Court has jurisdiction under the patent laws or under the Declaratory Judgment Act. In the absence of diversity of citizenship with the requisite amount in controversy, a United States Court does not have jurisdiction under the patent laws of an action in which the gravamen of the claim pleaded in the complaint is that a confidential relation existed between plaintiff and defendant; that in wrongful disregard of the relation defendant obtained a patent upon the invention of plaintiff; that defendant is trustee ex maleficio for plaintiff in respect to the ownership of the patent; and that defendant should be required to deliver to plaintiff an assignment of such patent. The general equitable right of plaintiff in an action solely and exclusively of that nature is independent of the patent laws. Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 527; Eckert v. Braun, 7 Cir., 155 F.2d 517. Defendant places strong reliance upon that general principle to defeat jurisdiction of the court; but for reasons presently apparent, it has no application here.

■■ It is essential to the validity of a patent that it be issued upon the application of the one who is the original inventor. A patent issued upon the application of one who is not the original inventor is unauthorized by law, is void, and does not confer any right or title upon the patentee. Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438; Kennedy v. Hazelton, 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576. And an invalid patent cannot be infringed. M. Swift & Sons v. W. H. Coe Manufacturing Co., 1 Cir., 102 F.2d 391; Cridlebaugh v. Rudolph, 3 Cir., 131 F.2d 795, certiorari denied, 318 U.S. 799, 63 S.Ct. 855, 87 L.Ed. 1147; International Carbonic Engineering Co. v. Natural Carbonic Products, D.C., 57 F.Supp. 248, affirmed, 9 Cir., 158 F.2d 285; Miehle Printing Press & Manufacturing Co. v. Publication Corp., 7 Cir., 166 F.2d 615.

■ In the course of pre-trial conferences and at the beginning of the trial, plaintiff effectively abandoned the allegations of his complaint concerning a confidential relation between the parties, concerning a breach of such relation on the part of defendant in seeking and obtaining the patent, concerning plaintiff's equitable ownership of the patent and his right to an assignment of it, and concerning the liability of defendant in damages. By statements too plain for misunderstanding, plaintiff made it clear that he merely sought a declaratory judgment of non-infringement of the patent for the reason that defendant was not the original inventor of the brush and therefore the patent could not be infringed, together with injunctive relief restraining defendant from continued injury to the business of plaintiff by assertions of ownership of the patent and its infringement. The allegations not abandoned and remaining in the complaint that the patent issued to defendant was void and not capable of being infringed for the reason that defendant was not the original inventor; that defendant wrongfully asserted infringement on the part of plaintiff; and that wrongful assertion of infringement made to customers and prospective customers of plaintiff had injured and was continuing to injure the business of plaintiff and of W. D. Moore Company with resulting damage, stated a justiciable cause of action arising under the patent laws of the United States for which the court was clothed with jurisdiction to grant appropriate relief under the Declaratory Judgment Act, even though there was a lack of diversity of citizenship. Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814; Aralac, Inc. v. Hat Corporation of America, 3 Cir., 166 F.2d 286; Hook v. Hook & Ackerman, 3 Cir., 187 F.2d 52.

■ The sufficiency of the evidence to support the finding of the trial court that defendant was not the original inventor of

the brush is challenged. The grant of letters patent raised a prima facie presumption that defendant was the inventor of the brush, and the burden rested upon plaintiff to show otherwise by evidence which was clear, strong, and convincing. It would not serve any useful purpose to detail the evidence at length. It is enough to say that a painstaking review of the record leaves little room for doubt that the evidence adduced upon the trial met in full measure the exacting requirements in a case of this kind.

■ Certain settlement proceedings are relied upon as constituting a recognition of rights in the defendant to the manufacture and sale of the brush prior and paramount to any rights of plaintiff. Four proposed drafts of an agreement of settlement were prepared by one or the other of the attorneys then representing the parties, respectively, but the authorship or source of each document as distinguished from the others is not entirely clear. Three of the proposed drafts were not executed by either party. The fourth was signed by both of them and it became effective. The attorney who then represented defendant testified that in the negotiations had in connection with the preparation of the several drafts of agreement, the brush was discussed; that it was the understanding that in return for the release of certain claims being asserted by defendant, plaintiff released any interest he had in the brush; and that in the absence of such release on the part of the plaintiff, defendant would not have executed the agreement. The attorney representing plaintiff testified differently. The agreement signed by the parties did not contain any provision recognizing any right of defendant in the manufacture and sale of the brush which was prior and paramount to the right of plaintiff. It did not contain any provision subordinating, releasing, surrendering, or extinguishing any right of plaintiff in the manufacture and sale of the brush. The instrument will be searched in vain for any provision of that kind. The contention that the settlement proceedings constituted a recognition of rights in defendant superior to those of plaintiff relating to the manufacture and sale of the brush finds no support in the record.

■ Defendant seeks to invoke the doctrine of estoppel. He asserts that previous litigation between the parties estops plaintiff from attacking the validity of the patent. In its answer, defendant pleaded that a certain case was pending in the state court; that it was instituted prior to the filing of this action; and that precedence in the trial of the two cases should be accorded the state court. But estoppel was not pleaded. The answer was completely silent in respect to such an issue. Estoppel is an affirmative defense which must be pleaded. And if not pleaded, it is waived. Zeligson v. Hartmen-Blair, Inc., 10 Cir., 135 F.2d 874; Bowles v. Capitol Packing Co., 10 Cir., 143 F.2d 87; Tornello v. Deligiannis Brothers, 7 Cir., 180 F.2d 553.

Other contentions advanced by defendant have been examined, and we think they are without merit.

The judgment is affirmed.