**William S. AUSHERMAN, By Marian Ruth Ausherman Chavez, his Natural Daughter and Administrator of the Estate of William S. Ausherman, Plaintiff-Appellant,**

v.

**Lee K. STUMP, Harry W. Saums, and Ausherman Manufacturing Company, Inc., Defendants-Appellees.**

**No. 79–1488.**

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 20, 1980.
Decided March 12, 1981.

---

Fred W. Phelps, Jr. of Fred W. Phelps, Chartered, Topeka, Kan., for plaintiff-appellant.

Russell E. Grant, Mulvane, Kan., (Fred Swoyer of Swoyer & Simms, Belleville, Kan., with him on brief), for defendants-appellees.

Before McWILLIAMS and LOGAN, Circuit Judges, and PALMIERI, District Judge.*

McWILLIAMS, Circuit Judge.

William S. Ausherman brought suit in the United States District Court for the District of Kansas against Lee K. Stump and Harry W. Saums, who were Ausherman's business associates, and the Ausherman Manufacturing Company, Inc., a company formed by them. The complaint set forth five legal theories or bases for relief: (1) breach of contract based on the defendants' alleged failure to pay royalties under a patent license; (2) rescission and reformation of a patent license to its original terms and the payment of royalties which had been reduced by fraud; (3) declaratory judgment to determine whether the defendants had breached the licensing agreement between the parties; (4) infringement of patents; and (5) restraint of trade.

Ausherman, Stump, and Saums were all citizens of the State of Kansas and the Ausherman Manufacturing Company, is a Kansas corporation. There being no diversity of citizenship, federal jurisdiction was necessarily based on the patent infringement and antitrust claims. On a motion to dismiss for lack of federal jurisdiction, the trial court, in a twenty-two page unpublished opinion, held that the complaint did not set forth valid patent infringement or antitrust claims, and, accordingly, dismissed the action for lack of federal jurisdiction. In thus holding, the trial court held that Ausherman's causes of action were basically for breach of contract and fraud.

On appeal, Ausherman has abandoned his antitrust claim. The only issue, then, is whether the complaint sets forth a cause of action "arising under" the federal patent laws, i. e., 28 U.S.C. § 1338(a)(1976). We agree with the trial court that the complaint does not set forth a valid patent infringement claim, and that, accordingly, there is no federal jurisdiction.

■ The complaint, as amended, can be fairly described as prolix. It consists of sixty-three pages, with nine pages of attachments. It violates Fed.R.Civ.P. 8(a), which requires that a complaint be a "short and plain" statement of the grounds upon which the court's jurisdiction rests, and that it include a "short and plain" statement showing that the pleader is entitled to relief. Instead of being short and plain, the complaint is a rambling narration of the discord that developed between Ausherman and his two business associates. Instead of being separately pleaded, the various causes of action are commingled. The complaint

* Honorable Edmund L. Palmieri, United States District Judge, Southern District of New York, sitting by designation.

has a "Table of Contents" with some twenty-one "Chapter Headings." Although the complaint is difficult to follow, we have given it careful consideration and are convinced that a patent infringement claim is not pleaded.

Difficult as the task may be, we shall briefly summarize the factual allegations of the complaint. Ausherman, now deceased, was, among other things, an inventor. He held patents for a reversible bar for threshing cylinders, a threshing cylinder bar, a concave for threshing cylinders, a rasp bar for a threshing cylinder, and a threshing cylinder and rasp bar. Ausherman, Stump, and Saums, an attorney, formed Ausherman Manufacturing Company. Ausherman granted the company an exclusive and nontransferable license to manufacture and sell the patented bars and concaves, which are used in combines. In exchange, the company agreed to pay Ausherman a $5 royalty for each set of bars and concaves sold. Later, certain of the patents, to which Ausherman had granted the company a license, were assigned outright to the company. Still later, another agreement was entered into by the parties reducing the royalty payments due Ausherman.

Stump was in charge of the day-to-day operations of the company. Ausherman signed a stock option agreement whereby Stump was granted an option to purchase Ausherman's 2,500 shares of company stock at $20 per share. Stump subsequently exercised his option, purchasing 750 shares of stock from Ausherman. Still later, Stump again exercised his option and purchased the remaining 1,750 shares of stock. In connection with this latter purchase, Stump gave Ausherman a check for $35,000. Ausherman cashed the check but then had a change of heart, and refused to deliver to Stump the shares of stock. Instead, Ausherman tendered to Stump a check for $35,000, declaring the stock option agreement to be void.[1]

Prior to the institution of the present action, the differences between the parties had been the subject of two legal proceedings in the Kansas courts. Both cases were resolved adversely to Ausherman. Ausherman then attempted to continue the dispute by bringing the present action in federal court.

As indicated above, Ausherman, after reciting the factual background in great detail, claimed that there had been a breach of contract on the part of the defendants, and sought damages of $720,000. He also asserted fraud on the part of the defendants, alleging that he would not have assigned outright the patents to the company, or agreed to accept reduced royalties, but for the false representation that the assignment was necessary in order for the company to obtain loans from the Small Business Administration. Ausherman, through his attorney, also sought, additionally or alternatively, rescission, reformation, and "any other relief" to which he might be entitled. Finally, and this is the crux of the present controversy, Ausherman asked the trial court to determine "which, if any, of . . . [his] patents have been infringed . . . by defendants . . . ."

Article I, section 8, clause 8 of the United States Constitution provides that Congress shall have the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writing and Discoveries." In line therewith, 28 U.S.C. § 1338(a) (1976) provides as follows:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

1. In an action in a Kansas court, Stump asked the court to require Ausherman to deliver the stock certificates. The state court granted summary judgment for Stump, and denied

Ausherman's counterclaim in which he attempted to set aside the royalty reduction agreement.

■ As indicated, the trial court held that Ausherman's amended complaint did *not* set forth any claim which required a construction of federal patent law. Rather, according to the trial court, the gravamen of the amended complaint was that Ausherman had been defrauded by his business associates, Stump and Saums, into signing agreements which assigned his patents to the company and then reduced the royalties due to Ausherman. The trial court concluded that, notwithstanding the fact that Ausherman had liberally sprinkled the word "infringement" throughout his pleading, the complaint did *not* set forth a "civil action arising under any Act of Congress relating to patents," as required by section 1338(a). We agree with the trial court's analysis of the matter, as well as the result reached.

In support of our resolution of the matter, see such cases as *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); *New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513 (1912); *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.*, 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910 (1902); *Wade v. Lawder*, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851 (1897); and *Wilson v. Sandford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850).[2] These cases clearly indicate that the general rule is that, where an action is brought on a contract either to enforce the contract, or to annul it, the action arises on or out of the contract, and not under the patent laws, even though the contract concerns a patent

right. *Wade v. Lawder*, 165 U.S. at 627, 17 S.Ct. at 426.

In *Excelsior*, the Supreme Court stated that an action to enforce or set aside a contract, even though such contract involved a patent, was not an action under the patent laws, 185 U.S. at 285, 22 S.Ct. at 682. In so holding, the Court drew a sharp distinction between *cases* arising under the patent laws and *questions* arising under patent laws.[3]

In a similar vein, the Supreme Court, in *New Marshall Engine*, held that "Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy."[4] 223 U.S. at 478, 32 S.Ct. at 239.

To summarize, our study of the matter indicates quite clearly that Ausherman's cause of action, as pleaded in the amended complaint, does *not* arise under the patent laws. Rather, it is an action for either reformation or rescission of a contract involving a patent right, as well as the additional claim of fraud. There being no diversity of citizenship, the federal court lacks jurisdiction to adjudicate Ausherman's claims, which, as previously mentioned, have already been litigated in the Kansas courts.

Judgment affirmed.

---

2. *See also Product Engineering & Mfg., Inc. v. Barnes*, 424 F.2d 42 (10th Cir. 1970), and *Cummings v. Moore*, 202 F.2d 145 (10th Cir. 1953). In *Cummings*, the Tenth Circuit stated:

> In the absence of diversity of citizenship with the requisite amount in controversy, a United States Court does not have jurisdiction under the patent laws of an action in which the gravamen of the claim pleaded in the complaint is that a confidential relation existed between plaintiff and defendant; that in wrongful disregard of the relation defendant obtained a patent upon the invention of plaintiff; that defendant *is* trustee ex maleficio for plaintiff in respect to the ownership of the patent; and that defendant should be required to deliver to plaintiff an assignment

of such patent. The general equitable right of plaintiff in an action solely and exclusively of that nature is independent of the patent laws.

202 F.2d at 147 (citations omitted).

3. The Court stated in *Excelsior*: "[I]f the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws, and jurisdiction ... can only be maintained upon the ground of diversity." 185 U.S. at 285, 22 S.Ct. at 682.

4. Significantly, *New Marshall* involved, as does this case, a claim of fraud. 223 U.S. at 480, 32 S.Ct. at 239.