**Irvin COMBS, Jr., Plaintiff-Appellant,**

v.

**PLOUGH, INC., Schering Plough, Inc., Defendants-Appellees.**

**No. 81–5282.**

United States Court of Appeals, Sixth Circuit.

Argued May 4, 1982.

Decided June 23, 1982.

A. G. Burkhart, Jr., Irwin Cantor, Memphis, Tenn., for plaintiff-appellant.

Herbert E. Gerson, Wildman, Harrold, Allen, Dixon & McDonnell, Robert M. Johnson, Robert F. Miller, Memphis, Tenn., for defendants-appellees.

Before LIVELY and KEITH, Circuit Judges, and GILMORE,* District Judge.

PER CURIAM.

On November 4, 1980, Plaintiff-appellant Irvin W. Combs, Jr. filed the present patent infringement action in the United States District Court for the Western District of Tennessee. Plaintiff-appellant Combs admitted that he assigned the patent to Defendant-appellee Plough, Inc. prior to September of 1975, but maintained that the assignment was obtained by fraud. The district court determined that the patent infringement question could not be reached without first deciding the validity of the assignment, a state law question. Consequently, the court held that it lacked subject-matter jurisdiction. We agree, and affirm District Judge Harry Wellford's ruling that the present action did not arise under the federal patent laws as required by 28 U.S.C. § 1338(a).

FACTS

Irvin W. Combs, Jr., Plaintiff-appellant ("Combs"), invented a packing device for

---

\* Hon. Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation.

aerosol cans while he was an employee of the Defendant-appellee, Plough, Inc. ("Plough"). Combs obtained a patent on the device [1] in his name. On October 20, 1972, however, Combs executed an assignment of his title and interest in the invention to Plough. In September of 1975, Combs executed a release to Plough which extinguished his right to profits from the invention.

On November 4, 1980, Combs filed the present action alleging fraud, duress, conversion, and patent infringement. Combs argues that the release of his right to profits and the assignment of the invention were not free and voluntary acts. Allegedly, Plough obtained the release and assignment fraudulently through threats and harassment. Combs prays that this Court declare the assignment and release void and require Plough to account for their unlawful use of the patent. Combs also seeks $150,000 in compensatory, punitive and statutory damages.

On December 30, 1980, Plough answered and moved for judgment on the pleadings. Plough argued that the district court lacked subject matter jurisdiction and that the action was barred by the Tennessee statute of limitations. On March 25, 1981, the United States District Court for the Western District of Tennessee held that it could not address the patent infringement question without first invoking its equity jurisdiction and voiding the assignment to Plough. Consequently, the court concluded that it lacked subject-matter jurisdiction, and dismissed the action.

DISCUSSION

Combs concedes that diversity of citizenship does not exist between the parties. Therefore, the sole issue before the Court is whether the present action "arises under" the federal patent laws as required by 28 U.S.C. § 1338(a). Section 1338(a) states as follows:

The district courts shall have original jurisdiction of any civil action arising under

any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

If the requirements of Section 1338(a) are not met, this Court lacks jurisdiction.

Combs argues that the district court erred in ruling that it lacked subject-matter jurisdiction. The Court is not ousted from jurisdiction merely because the action involves the construction of an assignment. Combs maintains that the mere presence of a patent in the case is sufficient to confer jurisdiction on the Court.

■ Combs misstates the applicable law. A case does not arise under the patent laws merely because questions of patent law may arise in the course of interpreting a contract. *See Chicago Fittings Corp. v. Howe*, 309 F.Supp. 625, 626 (N.D.Ill.1970). "Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject matter of the controversy." *New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 478, 32 S.Ct. 238, 239, 56 L.Ed. 513 (1912), quoted in *Ausherman v. Stump*, 643 F.2d 715, 718 (10th Cir. 1981). "Where diversity is lacking, the fact that questions and issues are raised in connection with a patent is not sufficient to invoke the jurisdiction of the court." *Chicago Fittings Corp.*, 309 F.Supp. at 626.

■ The general rule is that where an action is brought to enforce, set aside, or annul a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right. *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.*, 185 U.S. 282, 285, 22 S.Ct. 681, 682, 46 L.Ed. 910 (1902); *Wade v. Lawder*, 165 U.S. 624, 627, 17 S.Ct. 425, 426, 41 L.Ed. 851 (1897); *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); *Ausherman*, 643 F.2d at 718; *Dill Mfg. Co. v. Goff*, 125 F.2d 676, 678 (6th Cir.), *cert. denied*, 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed.

1. Defendant-appellee Plough, Inc. asserts that plaintiff-appellant Combs was merely the co-inventor of the packing device. Both Combs and

his co-inventor assigned the invention to Plough.

540 (1942). In *Dill* this Court articulated the following test for determining jurisdiction in patent law actions:

(1) the plaintiff initially must have the right to sue for infringement even though his title is challenged and in the suit may be defeated; (2) he must plant his suit upon such right as a patent infringement suit requiring no aid of an equity court as a primary condition for the recovery of damages or the granting of an injunction. *Dill*, 125 F.2d at 678.

The present action clearly fails to satisfy the second prong of the *Dill* test. The district court's determination that "[t]his is an action in equity to determine the validity of an assignment" is well supported by the record. The present case is not an infringement action brought by a person whose title is challenged. Combs admits that he transferred title, including all rights and interests, to Plough. Therefore, before Combs can state a claim for patent infringement, the Court must invoke its equity jurisdiction, void the assignment, and return title to him. Only after Combs obtains colorable title can a court determine if he is entitled to damages, or an accounting on his alleged patent infringement claim.

The district court followed a well settled rule in holding that it lacked jurisdiction. The facts in *Ausherman*, 643 F.2d 715, are virtually indistinguishable from those in the instant case. There, as here, the gravamen of the alleged patent infringement complaint was that the plaintiff had been fraudulently induced to sign agreements which assigned his patents to the defendants. The court held:

"The trial court concluded that, notwithstanding the fact that Ausherman had liberally sprinkled the word 'infringement' throughout his pleading, the complaint did *not* set forth a 'civil action arising under any Act of Congress relating to patents,' as required by section 1338(a). We agree with the trial court's analysis of the matter, as well as the result."

Similarly, in *Lion Mfg. Co. v. Chicago Flexible Shaft Co.*, 106 F.2d 930, 932 (7th Cir. 1939), the complaint prayed that the court require the defendant to assign title to the patent to plaintiff and account for the damages and lost profits caused by the alleged infringement. The court held:

"That the primary and controlling purpose of the bill was to compel an assignment of the legal title to the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title. This being the situation, we think it plain, under the authority of *Luckett v. Delpark*, 270 U.S. 496 [46 S.Ct. 397, 70 L.Ed. 703], that the bill of complaint failed to state a cause of action arising under the patent laws, and that the district court was without jurisdiction."

*See Lang v. Patent Tile Co.*, 216 F.2d 254, 255 (5th Cir. 1954).

District Judge Harry Wellford's opinion was scholarly and well reasoned. We affirm the district court's judgment that the complaint did not arise under the patent laws as required by 28 U.S.C. § 1338(a).