993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carl DIMANNO, Plaintiff, Appellant,
v.
Jay SUCH and Throtonics Corp., Defendants, Appellees.
 No. 92-2364.
 United States Court of Appeals,
First Circuit.
 May 5, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Carl M. DiManno on brief pro se.
 D.Mass.
 REVERSED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Carl M. DiManno, pro se appellant, appeals from the district court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(d). The main issue is whether this action arises under federal patent laws. We conclude that further proceedings are required.
 
 
 2
 * Appellant's complaint sought a declaratory judgment with respect to two documents concerning U.S. patent # 4,339,138 ("the Patent"). The first document was an Exclusive License Agreement (the "License") entered into between appellant and appellee Throtonics Corporation ("Throtonics"). That agreement, dated June 1, 1988, and signed by both parties, provided that appellant granted Throtonics the right "to manufacture, have manufactured, use, market, have marketed, sell and have sold devices based on or relating to the Invention." Appellant's complaint sought a declaration that the License was "legally insignificant on the grounds that a patent assignment is superior in rights and law to a patent license." Appellant asserted in his complaint that appellees had claimed an assignment of the same patent by appellant and could not claim both a license and an assignment. Appellant also sought a declaration that the License failed as an assignment.
 
 
 3
 The second document with respect to which appellant sought a declaration was an Assignment of Proprietary Patent Rights (the "Assignment"). The Assignment, dated June 1, 1988, and signed by appellant as the assignor, provided that "[t]he Assignor hereby wholly and unconditionally transfers, sells and assigns to [Throtonics] all rights of ownership of the Assignor under the said U.S. Patent number 4,339,138 and any and all other proprietary rights or any further rights." The Assignment was not recorded with the Patent and Trademark Office until November 24, 1989. Meanwhile, in a document dated September 28, 1989, and signed by appellant, appellant assigned "the entire right title and interest ... in U.S. Letters Patent No. 4,339,138" to Kozmos, Inc. ("Kozmos"). The assignment to Kozmos was recorded with the Patent and Trademark Office on September 29, 1989, two months before recordation of the Assignment to Throtonics.
 
 
 4
 Appellant's complaint sought a declaration that the Assignment was "without legal standing as being abandoned, as lacking the essential elements of a patent assignment, and as being superseded by a prior assignment of the patent." Appellant contended that, pursuant to 35 U.S.C. § 261, the assignment to Kozmos voided any claim Throtonics might have had to a patent assignment.[1] Appellant requested that the district court declare that neither the License nor the Assignment could be the basis for a patent infringement suit by appellees.
 
 II
 
 5
 There is no diversity of citizenship between the parties. The sole basis of federal jurisdiction claimed in the complaint was 28 U.S.C. § 1338(a), which gives federal district courts jurisdiction over any civil action arising under any Act of Congress relating to patents. The district court determined that it lacked subject matter jurisdiction over appellant's claims. In determining that appellant's action was subject to dismissal under 28 U.S.C. § 1915(d) as based upon an indisputably meritless legal theory, the district court reasoned as follows:
 
 
 6
 [t]his is precisely the same action brought by plaintiff against Jay Such and Throtonics in Civil Action No. 91-10099-WD [sic]. That action was dismissed for lack of subject matter jurisdiction. In the instant complaint, plaintiff has not alleged any new legal theories that would provide this court with subject matter jurisdiction.[2]
 
 
 7
 The district court denied appellant's motion for reconsideration.
 
 III
 
 8
 The issue on appeal is whether the district court abused its discretion in concluding that appellant's claim that his action "arises under" the federal patent laws was based on an indisputably meritless legal theory. The Supreme Court has defined the requirements for "arising under" the federal patent laws as follows:
 
 
 9
 [Section] 1338(a) jurisdiction ... extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.
 
 
 10
 Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-809 (1988).
 
 
 11
 There is a plausible legal argument that patent law is a "necessary element" of at least one of appellant's well-pleaded claims. Therefore, we conclude that the district court erred in dismissing this action under § 1915(d). Appellant claimed that the Assignment is void under 35 U.S.C. § 261 because it was not recorded prior to appellant's assignment of the patent to Kozmos. To determine the validity of the Assignment, the district court would be required to construe a federal patent statute, 35 U.S.C. § 261. The Supreme Court has held that where the validity of an assignment depends upon construction of the patent laws, it is a question arising under the patent laws. Crown Dye and Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 33 (1923).
 
 
 12
 Unlike, for example, the complaint in Combs v. Plough, Inc., 681 F.2d 469 (6th Cir. 1982), appellant's complaint does not allege that the Assignment is void exclusively for the reason that it was fraudulently obtained. Such a fraud claim would clearly arise only under state law. In this case, however, appellant's complaint alleges, among other claims, that the assignment is void under 35 U.S.C. § 261. Construction of § 261 is a question of federal patent law. See FilmTec Corp. v. Allied-Signal, Inc., 939 F.2d 1568 (Fed. Cir. 1991) (remanding case to district court and clarifying the requirements for creation of an enforceable assignment under § 261). Therefore, it is arguable that patent law is a necessary element of one of appellant's well-pleaded claims and that the district court had subject matter jurisdiction under § 1338(a).
 
 
 13
 Nor is jurisdiction clearly lacking for the reason that "but for the availability of the declaratory judgment procedure, the Federal claim would arise only as a defense to a state created action." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2767, at 744-45 (2d ed. 1983); see American Policyholders Ins. Co. v. Nyacol Products, Inc., No. 92-1949, slip. op. at 13 (1st Cir., Feb. 24, 1993). The claim that the Assignment is void would arise as a defense to a patent infringement action by appellees. A patent infringement action is clearly a federal action. And, according to the complaint, appellees had threatened to bring such an action.
 
 
 14
 We do not decide whether appellant has succeeded in establishing subject matter jurisdiction. Nor do we decide whether res judicata or any other defenses are available to appellees. We decide only that appellant's legal theory under which subject matter jurisdiction could be established is not "indisputably meritless" and that, therefore, the district court erred in dismissing the complaint under 28 U.S.C. § 1915(d) on this basis. Accordingly, we remand this case to the district court for continuation of the proceedings.
 
 
 15
 The district court's § 1915(d) dismissal is reversed.
 
 
 
 [1]
 35 U.S.C. § 261 provides, in relevant part, as follows:
 § 261. Ownership; assignment
 An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it isrecorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.
 
 
 [2]
 Although the district court concluded that this was "precisely the same action" as an action previously dismissed for lack of subject matter jurisdiction, the district court did not expressly base its 1915(d) dismissal on res judicata grounds. For that reason, we do not rule on the question of whether a 1915(d) dismissal on res judicata grounds would have been appropriate. In addition, we question whether the first case was properly dismissed for lack of subject matter jurisdiction. The complaint in that case claimed patentinfringement. In Kunkel v. Topmaster Int'l, Inc., 906 F.2d 693, 697 (Fed. Cir. 1990), the court held that all that a plaintiff needs to do to invoke federal jurisdiction is plead the elements required by the patent laws for a patent infringement claim. That " 'a question of contract law must be decided prior to reaching the infringement question does not defeat subject matter jurisdiction.' " Id. (citation omitted)