USCA1 Opinion

 

 May 5, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2364 CARL DIMANNO, Plaintiff, Appellant, v. JAY SUCH and THROTONICS CORP., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ___________________ Carl M. DiManno on brief pro se. _______________ __________________ __________________ Per Curiam. Carl M. DiManno, pro se appellant, ___________ appeals from the district court's dismissal of his complaint pursuant to 28 U.S.C. 1915(d). The main issue is whether this action arises under federal patent laws. We conclude that further proceedings are required. I Appellant's complaint sought a declaratory judgment with respect to two documents concerning U.S. patent # 4,339,138 ("the Patent"). The first document was an Exclusive License Agreement (the "License") entered into between appellant and appellee Throtonics Corporation ("Throtonics"). That agreement, dated June 1, 1988, and signed by both parties, provided that appellant granted Throtonics the right "to manufacture, have manufactured, use, market, have marketed, sell and have sold devices based on or relating to the Invention." Appellant's complaint sought a declaration that the License was "legally insignificant on the grounds that a patent assignment is superior in rights and law to a patent license." Appellant asserted in his complaint that appellees had claimed an assignment of the same patent by appellant and could not claim both a license and an assignment. Appellant also sought a declaration that the License failed as an assignment. The second document with respect to which appellant sought a declaration was an Assignment of Proprietary Patent -2- Rights (the "Assignment"). The Assignment, dated June 1, 1988, and signed by appellant as the assignor, provided that "[t]he Assignor hereby wholly and unconditionally transfers, sells and assigns to [Throtonics] all rights of ownership of the Assignor under the said U.S. Patent number 4,339,138 and any and all other proprietary rights or any further rights." The Assignment was not recorded with the Patent and Trademark Office until November 24, 1989. Meanwhile, in a document dated September 28, 1989, and signed by appellant, appellant assigned "the entire right title and interest . . . in U.S. Letters Patent No. 4,339,138" to Kozmos, Inc. ("Kozmos"). The assignment to Kozmos was recorded with the Patent and Trademark Office on September 29, 1989, two months before recordation of the Assignment to Throtonics. Appellant's complaint sought a declaration that the Assignment was "without legal standing as being abandoned, as lacking the essential elements of a patent assignment, and as being superseded by a prior assignment of the patent." Appellant contended that, pursuant to 35 U.S.C. 261, the assignment to Kozmos voided any claim Throtonics might have had to a patent assignment.1 Appellant requested that the ____________________ 1. 35 U.S.C. 261 provides, in relevant part, as follows: 261. Ownership; assignment An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it -3- district court declare that neither the License nor the Assignment could be the basis for a patent infringement suit by appellees. II There is no diversity of citizenship between the parties. The sole basis of federal jurisdiction claimed in the complaint was 28 U.S.C. 1338(a), which gives federal district courts jurisdiction over any civil action arising under any Act of Congress relating to patents. The district court determined that it lacked subject matter jurisdiction over appellant's claims. In determining that appellant's action was subject to dismissal under 28 U.S.C. 1915(d) as based upon an indisputably meritless legal theory, the district court reasoned as follows: [t]his is precisely the same action brought by plaintiff against Jay Such and Throtonics in Civil Action No. 91-10099- WD [sic]. That action was dismissed for lack of subject matter jurisdiction. In the instant complaint, plaintiff has not alleged any new legal theories that would provide this court with subject matter jurisdiction.2 ____________________ is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage. 2. Although the district court concluded that this was "precisely the same action" as an action previously dismissed for lack of subject matter jurisdiction, the district court did not expressly base its 1915(d) dismissal on res judicata grounds. For that reason, we do not rule on the question of whether a 1915(d) dismissal on res judicata grounds would have been appropriate. In addition, we question whether the -4- The district court denied appellant's motion for reconsideration. III The issue on appeal is whether the district court abused its discretion in concluding that appellant's claim that his action "arises under" the federal patent laws was based on an indisputably meritless legal theory. The Supreme Court has defined the requirements for "arising under" the federal patent laws as follows: [Section] 1338(a) jurisdiction . . . extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well- pleaded claims. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, ____________ ____________________________ 808-809 (1988). There is a plausible legal argument that patent law is a "necessary element" of at least one of appellant's well- pleaded claims. Therefore, we conclude that the district ____________________ first case was properly dismissed for lack of subject matter jurisdiction. The complaint in that case claimed patent infringement. In Kunkel v. Topmaster Int'l, Inc., 906 F.2d ______ _____________________ 693, 697 (Fed. Cir. 1990), the court held that all that a plaintiff needs to do to invoke federal jurisdiction is plead the elements required by the patent laws for a patent infringement claim. That "'a question of contract law must be decided prior to reaching the infringement question does not defeat subject matter jurisdiction.'" Id. (citation ___ omitted). -5- court erred in dismissing this action under 1915(d). Appellant claimed that the Assignment is void under 35 U.S.C. 261 because it was not recorded prior to appellant's assignment of the patent to Kozmos. To determine the validity of the Assignment, the district court would be required to construe a federal patent statute, 35 U.S.C. 261. The Supreme Court has held that where the validity of an assignment depends upon construction of the patent laws, it is a question arising under the patent laws. Crown Dye _________ and Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 33 ____________ _________________________ (1923). Unlike, for example, the complaint in Combs v. _____ Plough, Inc., 681 F.2d 469 (6th Cir. 1982), appellant's _____________ complaint does not allege that the Assignment is void exclusively for the reason that it was fraudulently obtained. Such a fraud claim would clearly arise only under state law. In this case, however, appellant's complaint alleges, among other claims, that the assignment is void under 35 U.S.C. 261. Construction of 261 is a question of federal patent law. See FilmTec Corp. v. Allied-Signal, Inc., 939 F.2d 1568 ___ _____________ ___________________ (Fed. Cir. 1991) (remanding case to district court and clarifying the requirements for creation of an enforceable assignment under 261). Therefore, it is arguable that patent law is a necessary element of one of appellant's well- -6- pleaded claims and that the district court had subject matter jurisdiction under 1338(a). Nor is jurisdiction clearly lacking for the reason that "but for the availability of the declaratory judgment procedure, the Federal claim would arise only as a defense to a state created action." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 2767, at 744-45 (2d ed. ________________________________ 1983); see American Policyholders Ins. Co. v. Nyacol ___ ___________________________________ ______ Products, Inc., No. 92-1949, slip. op. at 13 (1st Cir., Feb. _______________ 24, 1993). The claim that the Assignment is void would arise as a defense to a patent infringement action by appellees. A patent infringement action is clearly a federal action. And, according to the complaint, appellees had threatened to bring such an action. We do not decide whether appellant has succeeded in establishing subject matter jurisdiction. Nor do we decide whether res judicata or any other defenses are available to appellees. We decide only that appellant's legal theory under which subject matter jurisdiction could be established is not "indisputably meritless" and that, therefore, the district court erred in dismissing the complaint under 28 U.S.C. 1915(d) on this basis. Accordingly, we remand this case to the district court for continuation of the proceedings. -7- The district court's 1915(d) dismissal is reversed. ________ -8-