**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARRIE LIN ROBERTSON,

Plaintiff - Appellant,

v.

DR. RICHARD MEINIG, and
FORGERY ELECTRICAL ONLINE
PARTISIPANTS,

Defendants - Appellees.

No. 04-1406
(D.C. No. 04-F-1939 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Plaintiff Carrie Lin Robertson filed a complaint in federal district court

alleging claims based on a "global authority" and seeking profit-recovery from

Defendants for a "recompacted rear rabbit leg [and] reconformed rear rabbit tail,"

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

apparently relating to a medical invention. The district court <u>sua sponte</u> dismissed Robertson's complaint for lack of subject matter jurisdiction on September 22, 2004.[1] <u>See</u> Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Robertson proceeds <u>pro se</u>; therefore, we construe her pleadings liberally and hold Robertson's submissions to a less stringent standard than formal pleadings drafted by lawyers. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). However, federal courts are courts of limited jurisdiction. <u>United States ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1048 (10th Cir. 2004). Therefore, as always, Plaintiff must show that a statutory basis for federal court jurisdiction exists before her case can be heard in federal court. <u>Tsegay v. Ashcroft</u>, 386 F.3d 1347, 1353 (10th Cir. 2004).

In this case, we have carefully considered Robertson's <u>pro se</u> complaint and given respectful attention to her arguments on appeal; however, we find no basis for federal court jurisdiction in this case. There is no assertion that this cause of

---

[1]As an alternative ground, the district court also held that Robertson's action is precluded by res judicata. Robertson has filed at least two prior actions against Dr. Meinig, both involving similar claims. Therefore, res judicata may well bar the present action; however, res judicata is not jurisdictional. <u>See</u> <u>Kenmen Engineering v. City of Union</u>, 314 F.3d 468, 479 (10th Cir. 2002). Accordingly, we do not consider this alternative ground for dismissal on appeal.

action is between citizens of different states, as required for diversity jurisdiction under 28 U.S.C. § 1332, because Robertson asserts both she and Dr. Meinig are citizens of Colorado. Moreover, Robertson has not asserted any claims arising under the Constitution, federal laws, or treaties of the United States as required for federal question jurisdiction under 28 U.S.C. § 1331.

This court did consider passing references in Plaintiffs' pleadings referring to the invention at issue in terms of a "patent." Federal courts do have jurisdiction over "any civil action arising under any Act of Congress relating to patents, . . . copyrights and trademarks." 28 U.S.C. § 1338(a). However, suits brought that merely involve patents—but do not "arise under" federal patent law—are not within the federal court's jurisdiction pursuant to 28 U.S.C. § 1338(a). See Ausherman v. Stump, 643 F.2d 715, 718 (10th Cir. 1981) (no § 1338(a) jurisdiction over suit to enforce or annul contract dealing with patents); Cummings v. Moore, 202 F.2d 145, 147 (10th Cir. 1953) (no § 1338(a) jurisdiction over suit where "gravamen of the claim . . . is that a confidential relation existed between plaintiff and defendant; that in wrongful disregard of the relation defendant obtained a patent upon the invention of plaintiff;. . . and that defendant should be required to deliver to plaintiff an assignment of such patent").

Here, Robertson's pleadings do not cite to any specific patent at issue. Instead, the suit arises under a contract and "global authority" that might involve a patent tangentially. The gravamen of Robertson's complaint seems to involve allegations of fraud and breach of contract. Accordingly, this suit does not "arise under" federal patent law or require construction of federal patent law. See generally 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3582 (3d ed.1998). Therefore, we are without jurisdiction to hear this claim.

For the foregoing reasons, we AFFIRM the district court's dismissal for lack of subject matter jurisdiction in this case.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge